IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 20-211 |
| : | |
| ANTHNONY LUCIDONIO, SR. : | |
| NICHOLAS LUCIDONIO : | |

**McHUGH, J.**                                                                                                         **March 9, 2022**

# MEMORANDUM

This is a prosecution for charges of tax fraud and evasion built on allegations of off-book cash payments to avoid individual, payroll, and business taxes. Defendants Anthony Lucidonio, Sr., and Nicholas Lucidonio seek an order compelling the Government to produce a bill of particulars. *See* ECF 40. For the reasons below, the motion will be denied.

A bill of particulars is "a formal written statement by the prosecutor providing details of the charges against the defendant." *N. Jersey Media Grp. Inc v. United States,* 836 F.3d 421, 429 (3d Cir. 2016). Its purpose "is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971); *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005).

Defendants seek more particular information for Counts Two through Twenty-Four of the Indictment. Defendants make several requests. First, they request that the Government provide more detail as to precisely who they are alleged to have aided and abetted the preparation of false tax returns in Counts Two through Twenty. Defs. Br. at 4-7. Second, they request that the Government provide more detail as to the specific legal theory the Government intends to use to

1

prove individual tax evasion as to Counts Twenty-One through Twenty-Four. *Id.* at 15-16. And third, they request that the Government provide more detail as to the specific financial values, including receipts, income, wages, expenses, and taxes, that are allegedly fraudulently misreported for all Counts Two to Twenty-Four. *Id.* at 7, 14.

In response, the Government points out that the indictment provides extensive details regarding the fraudulent scheme that the Defendants allegedly operated in to conceal taxable income from the Government. Gov't Br. at 3-4. Further, the Government notes that has provided expansive discovery in this case. This includes all the financial records that the Government intends to rely on in its case and all Jencks Act materials, witness statements, grand jury transcripts, and interview memoranda of all potential witnesses. Gov't Br. at 8. It includes all relevant immunity and proffer agreements. *Id.* And it includes all evidence gathered with the Government's search warrant. *Id.* at 9. The Government contends that this material provides more than adequate notice for them to prepare an adequate defense without any fear of surprise at trial. *Id.* at 9-10.

Fed. R. Crim. P. 7(f) permits the Court to compel the Government to produce a bill of particulars. Whether to order the Government to produce a bill of particulars rests within the Court's discretion. *Addonizio*, 451 F.2d at 64 ("In the final analysis then, the granting of a bill of particulars remains a discretionary matter with the trial court."). There are, however, important principles guiding the Court's decision. On one hand, comments to the Rule note that amendments in 1966 were intended to "encourage a more liberal attitude by the courts towards bills of particulars …" Fed. R. Crim. P. 7, Notes of Advisory Committee on Rules—1966 Amendment. On the other hand, a bill of particulars is not a tool for broad factual discovery. *See United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) ("A bill of particulars, unlike

discovery, is not intended to provide the defendant with the fruits of the government's investigation."). Where the government has provided discovery, courts have found need for a bill of particulars to be greatly reduced. *Urban*, 404 F.3d at 772; *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (affirming denial of motion for bill of particulars because indictment was not vague and "government provided appellant with a large volume of information" such that "[f]ull discovery . . .obviate[d] the need for a bill of particulars.").

    I am not persuaded that the Government should be required to produce a bill of particulars. The Indictment here "informs Defendant[s] of the nature of the charges brought against [them]" and that in combination with the extensive discovery produced, allows them "to adequately prepare [their] defense." *Urban*, 404 F.3d at 771. The Indictment provides extensive details as to the means Defendants are alleged to have employed to underreport their tax liability to the IRS. With respect to discovery, and specific to Defendants' concerns here, they have received the transcript of the accountant's testimony and the accounting records which the Government alleges are the "true" financial records. Overall, I am confident that the Defendants have sufficient information about the Government's allegations to prepare their defense.

    Accordingly, Defendant's Motion for a Bill of Particulars will be denied.

                                                                                s/Gerald Austin McHugh
                                                                                United States District Judge