IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 20-211 |
| | : |
| ANTHNONY LUCIDONIO, SR. | : |
| NICHOLAS LUCIDONIO | : |

McHUGH, J.                                                                                                                         March 9, 2022

## MEMORANDUM

Defendants have moved to dismiss select counts of the Indictment. For the reasons that follow, the motion has been denied.

### A. Standard of Review:

Under Federal Rule of Criminal Procedure 12(b)(3), a district court may review the sufficiency of an indictment to ensure "that legally deficient charges do not go to a jury." *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011). In so doing, the court must determine whether "the facts alleged in the indictment, if accepted as entirely true, state the elements of an offense and could result in a guilty verdict." *Id.* An indictment is facially sufficient if it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007) (citation omitted). "An indictment fails to state an offense if the specific facts alleged in it 'fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'" *Id.* (citation omitted).

### B. Count One adequately alleges a conspiracy to defraud the United States

As to Count One, the indictment is legally sufficient. It charges Defendants with violating

18 U.S.C. § 371, which criminalizes conspiracy (1) "to commit any offense against the United States" or (2) "to defraud the United States." Defendants are charged with violating the second clause, commonly referred to as the "defraud clause." For over a century, the Supreme Court has interpreted the defraud clause broadly. *See Haas v. Henkel*, 216 U.S. 462 (1910); *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924) (statute applies to conduct to "interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest."). In *United States v. Klein*, the Second Circuit held that "obstruct[ing] one of [the IRS's] lawful governmental functions by deceit" is a crime under 18 U.S.C. § 371 and found sufficient evidence to support a § 371 conspiracy conviction based on twenty acts of concealment of income, including false statements on tax returns. 247 F.2d 908, 916 (2d Cir. 1957) (quoting *Hammerschmidt*, 265 U.S. at 188). The term "*Klein* conspiracy" has "become the generic term for a conspiracy to frustrate the government (particularly the IRS) in its lawful information gathering functions." *United States v. Alston*, 77 F.3d 713, 717 n. 13 (3d Cir. 1996). S*ee also United States v. McKee*, 506 F.3d 225, 239 (3d Cir. 2007); *United States v. Rankin*, 870 F.2d 109, 113 (3d Cir. 1989) (listing necessary elements to establish conspiracy under § 371).[1]

Here, Defendants argue that "*Klein* conspiracies, as currently construed, fall squarely within the category of offenses" decried as unconstitutionally void for vagueness in *United States v. Davis*, 139 S. Ct. 2319 (2019), because § 371 has been defined by courts, rather than Congress. Defs. Mot. Dismiss at 8, ECF 39. In support of this argument, Defendants cite *United States v. Coplan*, 703

---

[1] At oral argument, defense counsel also raised an argument that the indictment language did not sufficiently allege the deceit or dishonesty necessary to state an offense under § 371. Although ¶ 25 of the Indictment, ECF 1, does not use the words deceit or dishonesty, the surrounding paragraphs of the indictment setting out Count I contain sufficient allegations of dishonesty to state the elements of an offense under § 371. *See, e.g.*, ¶ 14 (alleging defendants caused accountant to file "false and fraudulent individual income tax returns. . ."); ¶ 16 ("defendants caused to be fraudulently claimed and characterized substantial additional, but false and fictitious, costs of goods sold expenses to continue their tax fraud scheme."); ¶ 17 ("defendants. . . fraudulently concealed from the IRS more than approximately $8 million in gross receipts earned by Tony Luke.").

2

F.3d 46, 59-62 (2d Cir. 2012), where the Second Circuit expressed some skepticism as to the continued viability of the traditional interpretation of § 371. *Id.* at 5-6. But the Court there ultimately upheld the validity of §371, holding that it was "bound to follow" "long-lived Supreme Court decisions" that have definitively adopted and reaffirmed the "expansive reading of § 371" given by courts. *Coplan*, 703 F.3d at 61-62; *see also United States v. Atilla*, 966 F.3d 118, 131 (2d Cir. 2020) (reaffirming holding in *Coplan*). So too is this Court bound.

Recognizing the breadth of § 371, the Third Circuit has counseled that, "[i]n considering a conspiracy under § 371, a court must be mindful . . . that there is a danger that prosecutors may use it arbitrarily to punish activity not properly within the ambit of the federal criminal sanction. Thus, indictments brought under § 371 must be carefully scrutinized." *United States v. Shoup*, 608 F.2d 950, 955–56 (3d Cir. 1979). Having performed such scrutiny here, I conclude that the conduct alleged, a scheme directed towards concealing millions of dollars from the IRS, falls clearly and properly within the ambit of the statute. It must be noted that a person of reasonable intelligence would know that such behavior is likely to run afoul of the law, alleviating the core concern in any notice concerns discussed by the Supreme Court in *Davis*, 139 S. Ct. at 2325 (citation omitted) ("Vague laws contravene the 'first essential of due process of law' that statutes must give people 'of common intelligence' fair notice of what the law demands of them."). There is some evidence of Defendants having such an understanding here, as the grand jury heard testimony from their accountant that after they became aware that family members had taken records showing underreporting, they proceeded to file amended tax returns.

The Defendants next argue that this Court should construe the defraud clause narrowly to avoid vagueness concerns by adopting the same nexus requirement articulated by the Supreme Court in *Marinello v. United States*, 138 S. Ct. 1101 (2018), when it considered what the defense seeks to characterize as a "similarly broad statute." Defs. Mot. Dismiss, ECF 39 at 8. In *Marinello*, the

3

Supreme Court overturned a defendant's conviction pursuant to the omnibus clause of 26 U.S.C. § 7212(a), holding that to demonstrate that a defendant obstructed or impeded "the due administration" of the IRS, the government must prove a nexus between the defendant's conduct and a particular administrative proceeding, such as an investigation, audit, or other targeted administrative action. *Id.* at 1109-10.

I find *Marinello* is distinguishable and decline to superimpose a nexus requirement upon § 371. The Court in *Marinello* focused upon specific statutory language, "due administration," that does not exist in § 371. As noted by another district court, the statutes are distinct: "§ 7212(a) forbids any obstruction of the due administration of the Internal Revenue Code, while § 371 forbids obstruction of the lawful function of the government by dishonest means." *United States v. Parlato*, No. 15-CR-149-FPG, 2019 WL 988450, at *2 (W.D.N.Y. Mar. 1, 2019). The *Marinello* Court also attached significance to § 7212(a)'s unique statutory context and legislative history, which is wholly unrelated to § 371.

Three circuit courts have considered the issue and declined to limit §371 on the basis of *Marinello*. *See United States v. Herman*, 997 F.3d 251, 273–75 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 787 (2022); *United States v. Flynn*, 969 F.3d 873, 879–80 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 2853 (2021); *United States v. Atilla*, 966 F.3d 118, 131 (2d Cir. 2020). Given the longstanding Supreme Court precedent definitively adopting and reaffirming a broad reading of § 371 and the consensus among circuit courts, I am satisfied that Count One of the Indictment is legally sufficient.[2]

### C. Counts Four through Seven do not violate fundamental principles of aiding and abetting

The Government brings Counts Four through Seven pursuant to 26 U.S.C § 7206(2), which

---

[2] At oral argument, counsel for the Defendants appeared to concede the indictment was valid under current precedent, as he stated that he raised the argument for preservation purposes, implicitly recognizing that arguments aimed at narrowing § 371 "are properly directed to a higher authority." *Coplan*, 703 F.3d at 62.

4

provides:

> Any person who . . . [w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document.

The Defendants' challenge focuses upon two counts which charge each Defendant with aiding and assisting in the preparation and presentation of their own allegedly false income tax returns. *See* Indictment, ECF 1 at 12 (Counts 4-5 charging Anthony Sr. with "willfully aid[ing] and assist[ing] in" the preparation and presentation of an alleged false Form 1040 in his name for the years 2013 and 2014); *id.* at 13 (Counts 6-7 charging Nicholas Lucidonio with "willfully aid[ing] and assist[ing] in" the preparation and presentation of an alleged false Form 1040 in his name for the years 2013 and 2014).[3]

Defendants argue that these counts must be dismissed to the extent that they have been charged with aiding and assisting in the preparation and presentation of their own allegedly false individual tax returns, because one may not be charged with aiding and abetting one's own conduct. Defendants argue that the conduct alleged in the indictment would only support charges under 26 U.S.C § 7206(1), which applies where a taxpayer signs and files a fraudulent return.

Defendants' argument is grounded in traditional principles of criminal aiding and abetting liability, as codified in 18 U.S.C. § 2. *See* United States Department of Justice, Criminal Tax Manual, Chapter 13.03[4] (describing § 7206(2) as the "Internal Revenue Code's 'aiding and abetting' provision."). As a general rule, a charge of aiding and abetting accuses a defendant of assisting in the unlawful conduct of another. *See* Third Cir. Model Jury Instructions, § 7.02; *United States v.*

---

[3] Defendants do not challenge the counts that charge Defendants with assisting in the preparation or presentation of each other's returns.

[4] Available at https://www.justice.gov/sites/default/files/tax/legacy/2012/12/05/CTM%20Chapter%2013.pdf.

5

*Provenzano*, 334 F.2d 678, 691 (3d Cir. 1964); *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 763 (D.N.J. 2013). Relying on these general principles, Defendants contend that § 7206(2) can only apply where there is another principal actor engaging in unlawful conduct.

Upon first glance, Defendants' theory has a certain superficial appeal. But broad conceptual arguments must give way to the plain, precise language of the statute which is controlling. The language of § 7206(2) sweeps more broadly than the traditional aider and abettor statute, 18 U.S.C. § 2. It plainly prohibits the act of "[w]illfully aid[ing] or assist[ing] in ... the preparation or presentation ... of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter." By its terms, the statute criminalizes exactly what Defendants are accused of doing: aiding and assisting in the preparation and presentation of false 1040 Forms by procuring an accountant and providing the accountant with materially false information. Indictment, ECF 1 at 12. The statute on its face applies to "any person" who engages in such conduct, with no exception for a taxpayer providing information for a return. The final clause, "whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return . . ." indicates that it does not matter whether the person authorized to present the return, in this case the defendants' accountant, is ignorant of the falsity. In short, the title of § 7206(2), "[a]id or assistance," refers not to a person, but to an *activity*: the preparation and presentation of a return. As such, the general precepts that govern criminal aiding and abetting are not applicable to Defendants' indictment here.

This reading of § 7206(2)'s plain language is in keeping with the other courts that have considered its application to taxpayers. In *United States v. Hirschfeld*, 964 F.2d 318 (4th Cir. 1992), the Fourth Circuit considered the scope of § 7206(2) in the context of a venue challenge. Rejecting the argument that venue would only be found where the false return was prepared, mailed, and filed, the Court stated that, "[t]he prohibition by its own terms reaches conduct which consists of aiding

and assisting in the preparation of a false return." *Id*. at 321. Similarly, in *United States v. Greger*, 716 F.2d 1275, 1277 (9th Cir. 1983), the Ninth Circuit affirmed a taxpayer's conviction under Section 7206(2), finding that the statute "was clearly intended to encompass" a defendant who assisted in the preparation of his own false tax return.[5] *See also United States v. Boulas*, No. 17-CR-10351-ADB, 2018 WL 6681790, at *5 (D. Mass. Dec. 19, 2018) (statute encompasses defendant who assisted in the preparation of his own tax returns). Defendants have cited no authority to the contrary.[6]

### D. Conclusion:

For the reasons discussed above, Defendants' Motion to Dismiss Selected Counts of the Indictment is denied. An appropriate Order follows.

s/Gerald Austin McHugh<br>
United States District Judge

---

[5] Defendants cite *Greger* for the proposition that § 7206(2) cannot apply as a matter of law where, as here, defendants sign their own return. Defendants note that in *Greger* the defendant was charged with two counts of violating § 7206(1) where he signed false returns for years 1974 and 1976 and one count of violating § 7206(2) in connection with his 1975 return because he failed to sign that return. ECF 39 at 14-15. But nothing in the *Greger* Court's reasoning attached significance to the fact that the return was unsigned. I find the fact that the Defendants here signed the returns to be irrelevant, because the statute prohibits the act of assisting in the preparation of the false return itself.

[6] None of the parties cite *United States v. Graham,* 758 F.2d 879, 885 (3d Cir. 1985), where the Court of Appeals stated that "[t]o establish aiding and abetting the filing of a false tax return 'there must exist some affirmative participation which at least encourages the perpetrator.'" (internal citations omitted). I do not view *Graham* as inconsistent with the result I reach here, for two reasons. The Court was addressing the specific facts of the case before it, in which the defendant advised a taxpayer that he did not have a legal obligation to report interest earned on a foreign account. *Id.* Second, a close review of the record reveals that the taxpayer there was not charged. He was a "perpetrator" in the sense that he took action that violated the Internal Revenue Code, but did so by virtue of being misled by the defendant. Similarly, here, Defendants' accountant technically violated the Code by filing a false return, but did so because he was misled by Defendants providing false information used to prepare their returns.